Filed 9/11/13  P. v. Tarrance CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>DONALD LEE TARRANCE,<br><br>       Defendant and Appellant. | C072873<br><br>(Super. Ct. Nos.<br>12F5433 & 12F5533) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requiring us to review the entire record to determine whether there are any arguable issues which could result in an outcome more favorable to the defendant.

Defendant Donald Lee Tarrance was charged by information in Calaveras County Superior Court with two cases.  Case No. 12F5433 (case 5433) charged him with possession of a counterfeit vehicle identification number (VIN) with intent to defraud (count I), possession of a vehicle with a removed or defaced VIN (count II) and unlawful possession of a syringe (count III).  Case No. 12F5533 (case 5533) charged him with possession of methamphetamine (count I), transportation of methamphetamine (count II) and being on-bail in case 5433 when he committed the drug offenses in case 5533.

1

Both cases were set for jury trial, and it was agreed that case 5533 would be tried first. In case 5533, a jury convicted defendant of counts I and II and found the on-bail enhancement true.

On December 3, 2012, the time set for sentencing in case 5533, an agreement was reached as to sentencing in case 5433 and for a plea and sentencing in case 5433.[1] Pursuant to that agreement, the court imposed the following sentence: In case 5533, the upper term of four years for count II (transportation of methamphetamine); the upper term of four years for count I (possession of methamphetamine), that term stayed pursuant to section 654; and the two-year punishment for the on-bail enhancement was stayed. In case 5433, defendant pled no contest to count I (counterfeit VIN), he was sentenced to a consecutive term of eight months and the remainder of the counts were dismissed. The total unstayed sentence was four years eight months.[2]

The court awarded defendant 152 days of presentence custody, consisting 64 days served plus 64 days for conduct in case 5533, and 12 days served plus 12 days for conduct in case 5433. The court also imposed various fines and fees as detailed in the abstract of judgment.

On January 2, 2013, defendant filed a pro. per. motion to vacate his sentence on the ground that Judge John E. Martin, who presided over the instant cases, had disqualified himself under Code of Civil Procedure section 170.3 on March 6, 2000, in case No. F2238, another of defendant's criminal cases. Judge Martin summarily denied the motion on January 4, 2013.

---

[1] Defendant was not eligible for serving his sentence in county jail pursuant to the Realignment Act (Stats. 2011, ch. 15, § 482, Stats. 2011, ch. 39, § 53, and Stats. 2011, 1st Ex. Sess., ch. 12, § 35) because of a prior conviction for attempted murder.

[2] Defendant waived his right to appeal in both cases.

## Facts from Case No. 5533

On July 10, 2012, law enforcement officers Robert Bianchi and Allen Serpa were looking for defendant to talk to him. The officers located defendant's pickup truck in a parking lot and found defendant at a local store where he was playing horseshoes. Defendant said the pickup was his and the pickup's registration listed defendant as the owner. Noting that the pickup truck lacked license plates and the VIN plate was missing from the front dashboard, Bianchi decided to impound it. Defendant asked if he could remove his groceries from the pickup and Bianchi agreed to let him do so, but not until Serpa had searched the vehicle.

Officer Serpa's search revealed a zippered pouch in the console which contained nine bindles of methamphetamine, weighing a total of 12.6 grams, and packaged consistent with being possessed for sale. Defendant was arrested and taken to jail.

Daniel Bello testified that he had known defendant for 15 years, and that he was both living with defendant and playing horseshoes with him at the time of his arrest. The pickup was considered a ranch truck; it was used to run errands and was available for others to use. The pickup was left unlocked, the keys were left on the floorboard, and others who needed it would take it and put gas in it. While playing horseshoes on the day defendant was arrested, Bello saw Johnny Ray Miller use the pickup prior to Officer Serpa's arrival.

## Facts from Case No. 5433[3]

In the course of investigating the theft of a Honda all-terrain vehicle (ATV), Calaveras County Deputy Sheriff Chad Poortinga went to defendant's residence in Railroad Flat. There, Poortinga saw a black Sonoma truck with two VIN's bearing different numbers. In the back of the truck was the stolen Honda ATV.

---

[3] The facts are taken from the preliminary hearing.

**Discussion**

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record to determine whether it reflects any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant's counsel has, at defendant's request, forwarded a copy of the minute order of March 6, 2000, showing that Judge Martin had disqualified himself in case No. F2238, as defendant had claimed in his motion to vacate his sentence. Counsel states that defendant requests this minute order be considered his supplemental brief.

In conducting our *Wende* review, we have considered the minute order in conjunction with defendant's motion to vacate his sentence as defendant's supplemental brief. Defendant did not move in to disqualify Judge Martin from hearing; hence we find no merit in defendant's supplemental brief. Defendant was obviously aware of Judge Martin's prior disqualification of himself from hearing another case of defendant yet defendant made no request or attempt to have Judge Martin disqualified until a month after defendant was sentenced. " ' "It would seem . . . intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not." ' " (*People v. Scott* (1997) 15 Cal.4th 1188, 1207.)

We have thoroughly reviewed the entire record on appeal and find no error that might result in a disposition more favorable to defendant.

However, we note a clerical error in the abstract of judgment. Namely, for case 5433, the box for total days credit shows 12 days whereas it should show 24 days, and the box showing days for conduct credit should show 12 days rather than 24 days.

4

### Disposition

The trial court is directed to prepare an amended abstract of judgment reflecting the correct days of presentence custody credit and forward a copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

                                            __BLEASE__, Acting P. J.

We concur:

        __NICHOLSON__, J.

        __HULL__, J.